# MAZIE SLATER KATZ & FREEMAN, LLC

COUNSELLORS AT LAW

103 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-9898
Fax (973) 228-0303
www.mskf.net

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger°
Matthew R. Mendelsohn°

─────

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Karen G. Kelsen°
Cheryll A. Calderon
David M. Estes
Adam M. Epstein°
Jessica CM Almeida

─────

°Member of N.J. & N.Y. Bars

November 11, 2014

<u>Via ECF</u>

Marcia M. Waldron, Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

  Re: *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, No. 14-2101

Dear Ms. Waldron:

  Plaintiff-Appellant submits this Rule 28(j) letter to report a supplemental authority recently issued: *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, No. 12–17604, 2014 WL 5651325 (9th Cir. Nov. 5, 2014).

  The issue on appeal is what type of assignment a medical provider must obtain from its patients to have standing under ERISA § 502(a)(1)(B). *See* Pl. Br. 2, 19-25; Def. Br. 11, 18-21. Like in this case, in *Spinedex* a provider's claims were dismissed by the district court for lack of ERISA standing. 2014 WL 5651325, at *1. The Ninth Circuit reversed, "hold[ing] that [the provider] had Article III standing to bring benefit claims … as assignee," *id.* at *14, where the patients had <u>only</u> assigned "the right to seek payment of claims directly from their Plans," *id.* at *5, <u>and</u> the patients had "acknowledged that they were liable for all costs of the services rendered," *id.* at *1.

  *Spinedex* is also pertinent because the Ninth Circuit rebuffed the argument that a provider's contractual right to bill a patient has bearing on derivative ERISA standing. *See id.* at *4 ("The fact that [the provider] has chosen not to seek payment from its assignors, despite its contractual right to do so, does not mean that [the provider] had no right to recover benefits

Marcia M. Waldron, Clerk
November 11, 2014
Page 2 of 2

under the Plans from Defendants"); *id* at *3 ("We are aware of no circuit court that has accepted defendants' argument."). *See* Def. Br. 11-12, 22-26; Pl. Reply Br. 13-20.

Finally, the recent decision illustrates the irreconcilable positions regularly proffered by insurer-defendants on ERISA standing. *Compare Spinedex*, 2014 WL 5651325 (defendant argued that standing requires provider to bill patients), *with Franco v. Conn. Gen. Life Ins. Co.*, 818 F. Supp. 2d 792 (D.N.J. 2011) (defendant argued, and court accepted that standing prohibits provider from billing patients); *compare* Def. Br. 25-26 (claiming collecting copayments precludes standing), *with* Pl. Reply Br. 17-18 (insurer-defendants sue providers for fraud if they waive copayments).

Accordingly, Plaintiff-Appellant respectfully requests that the Third Circuit consider *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.* in deciding this appeal.

Respectfully,

*/s/ Eric D. Katz*

ERIC D. KATZ

cc: All Counsel of Record (via CM/ECF)